UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANA WILLIAMS,

    Plaintiff,

v.                                                                                          CASE NO.:

PROGRESSIVE CASUALTY INSURANCE
COMPANY, a Foreign for Profit Corporation.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANA WILLIAMS, ("Plaintiff"), by and through her undersigned counsel hereby files this Complaint and Demand for Jury Trial against PROGRESSIVE CASUALTY INSURANCE COMPANY, ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages by Plaintiff against her former employer, Progressive Casualty Insurance Company, for retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*, and disability discrimination and retaliation under the Americans with Disability Act ("ADA"), as amended by the ADA Amendment Acts of 2008, and the Florida Civil Rights Act of 1992 ("FCRA") as amended. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.    Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida as a substantial part of the events and omissions giving rise to the claims occurred in this District. Also, at all times material to Plaintiff's claims, Defendant has conducted

1

substantial, continuous, and systematic commercial activities in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Prior to the filing of this civil action, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which pursuant to the workshare agreement was dually filed with the Florida Commission on Human Relations (FCHR).

4. Plaintiff received a Notice of Right to Sue letter from the EEOC indicating that Plaintiff may proceed by filing a lawsuit in a court of competent jurisdiction.

## PARTIES AND GENERAL ALLEGATIONS

5. Defendant, PROGRESSIVE CASUALTY INSURANCE COMPANY, is a Foreign for Profit Corporation, operating a business located, among other locations, in Seminole County, Florida.

6. Defendant is a covered employer as defined by the FMLA, ADA and FCRA.

7. Plaintiff is an individual *sui juris* currently residing in Seminole County, Florida.

8. At all relevant times hereto, Plaintiff was a qualified individual with a disability, and/or perceived disability, and/or record of a disability.

9. Plaintiff was employed by Defendant from on or around September 26, 2016 to on or around August 23, 2019 and processed pip claims.

10. Throughout Plaintiff's employment with Defendant, Plaintiff met or exceeded Defendant's employment expectations.

11. Defendant employed fifty (50) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's work location.

12. Plaintiff worked for Defendant for more than twelve (12) months and worked more than 1,250 hours in the twelve (12) month period preceding her leave, making her eligible and entitled to leave under the FMLA.

13. On or around April 19, 2018 Plaintiff was diagnosed with serious health condition(s) by her doctor requiring ongoing medical attention.

14. Plaintiff's chronic serious health condition(s)/disabilities limited her ability to perform major life activities.

15. In or around May 2019, Plaintiff's disabilities worsened and required further medical attention. Plaintiff requested accommodations and also obtained necessary documents to obtain FMLA leave.

16. At all relevant times, Defendant was aware of Plaintiff's serious health condition(s)/disabilities, Plaintiffs need for medical treatment, Plaintiff's need for leave and Plaintiff's request for FMLA leave, and Plaintiff's request and need to work remotely upon her return from leave.

17. On or around May 31, 2019, Plaintiff submitted her FMLA request for leave along with the Certification of Health Care Provider indicating a chronic serious health condition restricting Plaintiff's daily life activities.

18. Plaintiff's FMLA leave was approved by Defendant on or around June 10, 2019.

19. Plaintiff also requested to work remotely upon her return to work as an accommodation for her disabilities.

20. Immediately upon Plaintiff returning from leave, Defendant contacted Plaintiff stating she had twenty-four (24) hours to surrender her legally obtained license(s) or she would face termination.

21. Plaintiff obtained her license on February 4, 2019; however, it did not become an issue until Plaintiff needed accommodations and FMLA leave.

22. Plaintiff was discriminated against because of her actual and/or perceived disability, and/or having a record of disability, was treated less favorably than similarly situated non-disabled employees, was denied accommodations and ultimately forced to resign her position.

23. Due to Defendant's ultimatum and harassment, Plaintiff was forced to resign on August 12, 2019.

24. Plaintiff has exhausted her administrative remedies and/or has met all administrative prerequisites for bringing this action.

25. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

26. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

### COUNT I
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
#### Retaliation

27. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

28. Defendant retaliated against Plaintiff for engaging in an activity protected by the Family Medical Leave Act by taking unwarranted actions against her and forcing her to resign her position.

29. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

30. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay, and compensatory damages, including damages resulting from Plaintiff's limitations on working due to emotional distress;

B. Liquidated damages;

C. Prejudgment and post-judgment interest;

D. Attorneys' fees and costs of this action; and,

E. Such other relief this Court deems just and proper.

## COUNT II
## ADA – Denial of Reasonable Accommodation

31. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

32. Plaintiff requested the accommodation of working remotely due to her disabilities upon return from FMLA leave. Rather than provide Plaintiff with this accommodation, Plaintiff was forced to resign her position.

33. A reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

34. Defendant violated the ADA, as amended by the ADAAA, by failing to provide reasonable accommodations to Plaintiff.

35. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

36. As a result of Defendant's actions, Plaintiff has suffered and will continue to loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

37. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay, and compensatory damages;

B. Punitive damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs; and

E. Other such relief that this Court deems just and proper.

### COUNT III
### ADA – Disparate Treatment

38. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

39. Defendant violated the ADA, as amended by the ADAA, by intentionally discriminating against Plaintiff based on her disabilities and/or perceived disabilities and/or her record of having disabilities.

40. Defendant intentionally discriminated and interfered with the terms and conditions of Plaintiff's employment based on her status as a qualified individual with a disability and/or

perceived disability and/or perception that Plaintiff was disabled, and/or her record of disabilities, including treating her differently than similarly situated non-disabled employees, and taking adverse actions against her as herein described.

41. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

42. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

43. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay, and compensatory damages, including emotional distress damages;

B. Punitive damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorney's fees and costs; and

E. Other such relief that this Court deems just and proper.

### COUNT IV
### ADA – Retaliation

44. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

45. Defendant intentionally retaliated against Plaintiff because of her protected expressions.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

47. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

48. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

49. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay, and compensatory damages, including emotional distress damages;

B. Punitive damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorney's fees and costs; and,

E. Other such relief that this Court deems just and proper.

## COUNT V
### FCRA – Denial of Reasonable Accommodation

50. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

51. Plaintiff requested the accommodation of working remotely due to her disability upon return from FMLA leave. Rather than provide Plaintiff with this accommodation, Plaintiff was forced to resign her position.

52. A reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of her job.

53. Defendant violated the FCRA by failing to provide reasonable accommodations to Plaintiff.

54. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

55. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

56. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

   A. Back pay, front pay, and compensatory damages;

   B. Punitive damages;

   C. Pre- and post-judgment interest as allowed by law;

D. Attorney's fees and costs incurred; and,

E. Other such relief that this Court deems just and proper.

## COUNT VI
## FCRA – Disparate Treatment

57. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

58. Defendant intentionally discriminated and interfered with the terms and conditions of Plaintiff's employment based on her status as a qualified individual with a disability and/or perception that Plaintiff was disabled, and/or her record of disabilities, including treating Plaintiff differently than similarly situated non-disabled employees, and taking adverse actions against her as herein described.

59. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

60. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

61. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay, and compensatory damages, including emotional distress damages;

B. Punitive damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorney's fees and costs; and,

E. Other such relief that this Court deems just and proper.

## COUNT VII
## FCRA – Retaliation

62. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

63. Defendant intentionally retaliated against Plaintiff because of her protected expressions.

64. The actions of Defendant were with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

65. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

66. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fee for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay, and compensatory damages, including emotional distress damages;

B. Punitive damages;

C. Pre- and post-judgment interest as allowed by law;

D. Reasonable attorneys' fees and costs; and,

E. Other such relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 21st day of April, 2020.

Mary E. Lytle, Esq.
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**